**UNITED STATES COURT OF INTERNATIONAL TRADE**

**BEFORE: THE HONORABLE RICHARD K. EATON, SENIOR JUDGE**

| | |
|---|---|
| FREESTYLE WORLD, INC., on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>U.S. CUSTOMS AND BORDER PROTECTION; *et al.*,<br><br>Defendants. | Court No. 26-01088 |

**DECLARATION OF BRANDON LORD**
**<u>RESPONDING TO AUGUST 5, 2026 COURT ORDER</u>**

I, Brandon Lord, pursuant to 28 U.S.C. § 1746, and based upon my personal knowledge and information made known to me in the course of my employment, hereby make the following declaration with respect to the above-captioned matter:

1. I am the Executive Director, Trade Programs Directorate, Office of Trade, U.S. Customs and Border Protection (CBP), a position I have held since July 2022. In my role, I lead CBP's strategic efforts to enforce and protect the revenue, including the implementation of tariff measures under Section 232 of the Trade Expansion Act of 1962 and the International Emergency Economic Powers Act (IEEPA). I lead the administration of priority international trade issues, including Tariffs and Trade Remedies, Intellectual Property Rights, Free Trade Agreements, Import Safety, Textiles and Antidumping and Countervailing Duties. Previously, I served as the Acting Executive Director for Trade

Policy and Programs, Office of Trade, from March 2021 until November 2021, and as the Deputy Executive Director for Trade Policy and Programs, Office of Trade, from November 2017 until July 2022.

2. CBP has developed a new capability within its system of record for imported merchandise — the Automated Commercial Environment (ACE) — to calculate and provide valid refunds of additional *ad valorem* duties imposed under IEEPA. This new ACE functionality is called the Consolidated Administration and Processing of Entries (CAPE).

3. The first phase of the CAPE functionality became available for use by importers and their brokers in ACE at 7:11am eastern time on Monday, April 20, 2026. As of 3pm eastern time on Friday, August 21, 2026, 272,029 CAPE declarations have been submitted, of which 191,494 CAPE declarations passed the file validations.[1] The primary reasons that CAPE declarations fail the file validations are: (1) Importer of record or filer mismatches on CAPE declarations, (2) Entry Number validations (e.g., entry number is incorrect length; entry number does not exist), (3) .CSV file not in alignment with the template published in the ACE portal.

4. As of 3pm eastern time on Friday, August 21, 2026, (a) the CAPE declarations that passed the file validations cover 26.4 million entries with IEEPA duties that passed the entry-specific validations and were accepted for the removal of IEEPA duties through CAPE;[2] (b) 18.76 million of the accepted entries have subsequently been liquidated

[1] Please refer to ¶3.a of my declaration filed March 12, 2026, also included as Exhibit C to my declaration filed August 4, 2026, for a description of the file validations performed by the CAPE functionality after a CAPE Declaration is submitted.

[2] Please refer to ¶3.b of my declaration filed March 12, 2026, also included as Exhibit C to my declaration filed August 4, 2026, for a description of the entry-specific validations performed by the CAPE functionality after a CAPE Declaration successfully passes the file validations.

and/or reliquidated without IEEPA duties; and (c) 5.9 million entries included on CAPE declarations failed the entry level validations for the following primary reasons: the entry date is past CBP's 90 day re-liquidation authority, the entry does not contain a Chapter 99 Harmonized Tariff Schedule number used to assess IEEPA duties, or the entry was already filed on a prior CAPE declaration.

5. As of 3pm eastern time on Friday, August 21, 2026, approximately $132.5 billion in both potential and certified refunds have been accepted for processing in CAPE. Of this total amount, refunds (duties plus interest) of approximately $106.6 billion have been completed using the CAPE Refund component[3] certified by the agency, and sent to the U.S. Department of Treasury ("Treasury") for disbursement. CBP's financial accounting system receives updates from Treasury that indicate these CBP certified refunds are being regularly dispersed. CBP continues to review and finalize the outstanding potential refunds via CAPE's Review and Liquidation/Reliquidation component.[4]

6. As of 3pm eastern time on Friday, August 21, 2026, 22,170 refunds, totaling approximately $1.7 billion have not been transmitted to Treasury because Automated Clearing House account information has not been provided by the importer of record or its authorized CBP Form 4811 designee.

7. At 5am eastern time on Monday, June 29, 2026, CBP successfully deployed new CAPE functionality for use by importers and their brokers in ACE. This new functionality permits importers and their brokers to include entries on a CAPE declaration that are unliquidated (or that have liquidated within the preceding 80 days) and that were flagged

[3] Please refer to ¶9 of my declaration filed March 12, 2026, also included as Exhibit C to my declaration filed August 4, 2026, for a description of the CAPE Refund component.

[4] Please refer to ¶7 of my declaration filed March 12, 2026, also included as Exhibit C to my declaration filed August 4, 2026, for a description of the CAPE Review and Liquidation/Reliquidation component.

for reconciliation, but for which no Reconciliation Entry (Entry Type 09) has been filed. As of 3pm eastern time on Friday, August 21, 2026, 2.3 million entries flagged for reconciliation have been successfully filed in CAPE and are set for processing.

8. CBP has temporarily delayed the deployment of CAPE Phase 3, which covers finally liquidated entries filed by plaintiffs for which the Court has ordered reliquidation. This delay is necessary for CBP to build new validations that ensure no other duty adjustments are made to finally liquidated entries outside of the IEEPA duty refunds. Importantly, these new validations will also account for improper reporting of IEEPA duties by the trade community on the original entries. This temporary delay applies only to the forthcoming CAPE Phase 3 and will allow CBP to ensure it complies fully with the Court's orders to reliquidate impacted entries. Existing CAPE functionality for Phases 1 and 2 remains fully operational and is not affected by this change.

I declare that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed this 25th day of August, 2026.

Brandon Lord
Executive Director
Trade Programs
Office of Trade
U.S. Customs and Border Protection