**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

BEFORE: THE HONORABLE RICHARD K. EATON, SENIOR JUDGE

| | |
|---|---|
| FREESTYLE WORLD INC., Plaintiff, v. UNITED STATES *et al*, Defendants. | Court No. 26-01088 |

**ORDER**

Upon consideration of the motion of iGlobal Exports, LLC, doing business as Zonos for leave to file a brief as *amicus curiae*, defendants' opposition, and all other pertinent papers, it is hereby

ORDERED that the motion is denied; and it is further

ORDERED that the proposed amicus curiae brief is rejected.

Dated: ____________________
New York, New York

______________________________
JUDGE

**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

BEFORE: THE HONORABLE RICHARD K. EATON, SENIOR JUDGE

| | | |
|---|---|---|
| FREESTYLE WORLD, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | Court No. 26-01088 |
| UNITED STATES *et al*, | ) | |
| Defendants. | ) | |

**DEFENDANTS' RESPONSE IN OPPOSITION TO MOTION OF iGLOBAL EXPORTS, LLC, DOING BUSINESS AS ZONOS, FOR LEAVE TO FILE AN *AMICUS CURIAE* BRIEF**

Pursuant to Rules 7 and 76 of the Rules of this Court, defendants, the United States *et al*, respectfully respond to the motion for leave to file an *amicus curiae* brief filed by iGlobal Exports, LLC, doing business as Zonos (Zonos), ECF No. 20 (Mot.). Zonos states that "[t]hrough partnership with Canada Post, Royal Mail, and many other postal agencies and parcel carriers, [it] collects tariff payments from customers (including through the Zonos Prepay app) and remits those payments to the U.S. government." Mot. at 1. In Zonos' view, its participation as a friend of the Court will "present[s] a view on a central issue not otherwise represented," namely, how CAPE, class certification, and the Court's orders should account for IEEPA tariffs paid on international postal shipments." *Id.* at 1-2 (internal quotation marks omitted).

Zonos's motion should be denied because Zonos does not seek to provide impartial information on matters of fact or law about which there is doubt; instead, its proposed *amicus* brief, ECF No. 20-1 (Amicus Br.), seeks effectively the intervention of Zonos as a party to

advance Zonos's own interests. As discussed below, several factors weigh against granting Zonos's motion: its participation would blur the line between amicus and intervenor, Zonos's participation is opposed by the defendants, the parties' counsel are fully capable of making their arguments without Zonos' assistance, and the information and argument presented in Zonos's proposed brief is not useful to the Court. Therefore, we respectfully request that the Court deny the motion.

## ARGUMENT

### I. Legal Standard

Under this Court's rules, "[t]he filing of a brief by an *amicus curiae* may be allowed on motion made as prescribed by Rule 7, or at the request of the court." USCIT R. 76. "The motion for leave must identify the interest of the applicant and state the reasons why an *amicus curiae* is desirable." *Id.* Rule 76 "is unique to the U.S. Court of International Trade as a trial-level federal court," and "has no counterpart in the Federal Rules of Civil Procedure, but instead finds a parallel in Rule 29 of the Federal Rules of Appellate Procedure." *Corning Gilbert, Inc. v. United States*, 36 Ct. Int'l Trade 680, 681 (2012). Consideration of a motion is squarely within the discretion of the Court. *See Changzhou Hawd Flooring Co. v. United States*, 38 Ct. Int'l Trade 1159, 1161 (2014) (citing *In re Opprecht*, 868 F.2d 1264, 1266 (Fed. Cir. 1989)).

"The role of an amicus curiae is to serve as a friend of the court by providing arguments or information helpful to the court in its consideration of the issues presented." *Irving Paper*, 296 F. Supp. at 1372. "Historically, courts have accepted *amicus curiae* briefs that 'provide *impartial* information on matters of law about which there was doubt, especially in matters of public interest.'" *Changzhou Trina Solar Energy Co. v. United States*, 161 F. Supp. 3d 1343, 1346 (Ct. Int'l Trade 2016) (quoting *United States v. Mich.*, 940 F.2d 143, 164 (6th Cir. 1991) (emphasis in original)). This Court has outlined five factors that are typically considered in determining whether to grant leave to participate as an *amicus curiae*:

> (1) whether the proposed amicus is a disinterested entity; (2) whether there is opposition to the entry of the amicus; (3) whether counsel is capable of making arguments without the assistance of an amicus; (4) the strength of the information and argument presented by the potential amicus curiae's interests; and, perhaps most importantly (5) the usefulness of information and argument presented by the potential amicus curiae to the court.

*Ass'n of Am. Sch. Paper Suppliers v. United States*, 34 Ct. Int'l Trade 207, 209 (2010). "The last two factors, the strength and usefulness of the information and argument presented by the potential *amicus curiae*'s interests, are intertwined." *Irving Paper Ltd. v. United States*, 296 F. Supp. 3d 1369, 1375 (Ct. Int'l Trade 2018).

## II. The Court Should Not Allow Zonos to Participate as an *Amicus Curiae*

Zonos's motion and brief make clear that it seeks to effectively participate in this litigation as an intervenor, in a manner that is not only inappropriate for an *amicus curiae* but, more importantly, will simply not be useful to the Court. While Zonos's motion does not address the factors identified by this Court for considering a motion to participate as an *amicus curiae*, as explained below, all those factors weigh against permitting the proposed participation.

### A. Zonos Is Not Disinterested

Zonos's interests in the conduct and outcome of this litigation go beyond that of an impartial friend of the court: it seeks to participate as substitute for intervention on behalf to seek refunds of IEEPA duties that Zonos paid to CBP for mail shipments that Zonos entered on behalf of its customers.[1] "While an *amicus* need not be totally disinterested, there are limits to the

[1] Although Zonos incorrectly states in its response to the Court's July 10, 2026 Letter, ECF No. 20-2, that "no entry" was made for the mail shipments for which Zonos remitted IEEPA duties to CBP, *see* ECF No. 20-2 at 3-4, in fact as a matter of law the low-value mail shipments for which IEEPA duties were paid to CBP were "entered" under the interim process established pursuant to Section 2(b) of Executive Order 14324 of July 30, 2025, *Suspending Duty-Free De Minimis Treatment for All Countries*, 90 Fed. Reg. 37,775 (Aug. 5, 2025) ("*De Minimis* EO"). Specifically, although the regulation previously requiring CBP to prepare informal mail entries for dutiable mail shipments valued under $2,500 was suspended, as authorized by the *De Minimis* EO and implemented by CBP in *Notice of Implementation of the President's Executive Order 14324, Suspending Duty-Free De Minimis Treatment for All Countries*, 90 Fed. Reg. 42,418 (Sept. 2, 2025) (providing that such mail will pass "without the preparation of an entry *by [CBP]* until such time as CBP establishes a new entry process and publishes that process in the Federal Register") (emphasis added), entry is nevertheless required, and informal entry for such mail shipments was made when the carrier or approved qualified party (like Zonos) submitted the monthly accounting statement and paid the declared duties. *See* 19 C.F.R. §§ 141.4(a) ("All merchandise imported into the United States is required to be entered, unless specifically

availability of amicus status, with a 'bright line distinction between amicus curiae and named parties/real parties in interest.'" *Changzhou Hawd*, 38 Ct. Int'l Trade at 1162 (quoting *Siam Food Products Pub. Co., Ltd. v. United States*, 22 Ct. Int'l Trade 826, 830, (1998)). *Amicus* standing "should not become a substitute for intervention." *Stewart-Warner Corp. v. United States*, 4 Ct. Int'l Trade 141, 142 (1982). This Court has found that a proposed *amicus* can "blur the line between intervenor and *amicus*" when it seeks a particular remedy from the court. *Changzhou Hawd*, 38 Ct. Int'l Trade at 1163.

Here, Zonos candidly states that it seeks to participate as an *amicus* specifically as a substitute for intervention: "[Zonos] should not have to become an adversary in litigation to partner with the government again to ensure refunds are paid to the right parties." Amicus Br. at 3. It likewise is upfront that it seeks a particular remedy, and a role in administering that remedy. Namely, Zonos advocates that "[t]he tariffs must be paid back to Zonos's customers somehow—whether that be indirectly through Zonos, or directly from the government to customers with Zonos's assistance." Amicus Br. at 4. Far beyond seeking to serve as a disinterested friend of the Court, Zonos seeks to leverage *amicus* standing to shape the administrative processes by which defendants process IEEPA refunds to ensure its participation in that process. As this Court and others have made clear, "'an *amicus curiae* is not a party to litigation' and is not entitled to seek relief." *Changzhou Hawd*, 38 Ct. Int'l Trade at 1162-63 (quoting *Miller-Wohl Co. v. Comm'r of Labor & Indus. State of Mont.*, 694 F.2d 203, 204 (9th Cir. 1982)).

---

excepted."), 141.4(e) ("Merchandise qualifying for informal entry by regulation, pursuant to 19 U.S.C. 1498, is exempt from formal entry … but must be entered as required under applicable regulations ….") and 145.0(a) ("… Importations by mail are subject to the same requirements and restrictions as importations by any other means, except where more specific procedures for mail importations are set forth in this part. …"). Such informal mail entries are liquidated on the date of payment, unless for any reason the proper rate or amount of duty cannot be determined at the time of entry. *See* 19 CFR § 159.10(a)(1) and (b).

Nor is the scope of Zonos's proposed involvement appropriate for an *amicus*. This Court has noted that Rule 76 "does not contemplate general participation at the trial level, with everything that entails (*e.g.*, procedural motions, discovery motions, or settlement discussions)." *Id.* Zonos proposes a worryingly high level of involvement, seeking to participate in "addressing the expansion of CAPE, class certification proceedings, or other Court orders governing the refund process." Amicus Br. at 4. Even more nebulously, Zonos asserts that it is a "legally appropriate part[y] for participation in and/or development of the refund processes." *Id.* at 3. Thus, the "broad scope of [Zonos's] requested involvement . . . is problematic," as it "in effect, is seeking the same rights as those afforded an intervenor." *Corning Gilbert*, 36 Ct. Int'l Trade at 682.

Accordingly, Zonos does not seek to "'provide impartial information on matters of law about which there [is] doubt, especially in matters of public interest,' but [is] instead effectively seeking to advance [its] interests." *Changzhou Trina*, 161 F. Supp. 3d at 1349 (quoting *Mich.*, 940 F.2d at 164). Because it seeks amicus standing as a substitute for intervention to pursue these interests, Zonos is not appropriate as an *amicus curiae* in this case.

**B. Defendants Oppose Zonos's Participation**

Defendants are opposed to Zonos's participation as an *amicus curiae*. "Opposition by the parties is a factor militating against allowing participation." *Ass'n Am. Sch. Paper Suppliers*, 34 Ct. Int'l Trade at 211. Although this factor is not dispositive, and plaintiff has indicated its consent, ECF No. 31, defendants urge this Court to give due consideration to their well-considered grounds for opposing Zonos's participation.

**C. Parties' Counsel Are Capable of Making Arguments Without Zonos's Assistance**

Zonos fails to identify any argument it is uniquely capable of making. "Courts may be particularly inclined to permit *amicus* participation 'if the court is concerned that one of the

parties is not interested in or capable of fully presenting one side of the argument.'" *Changzhou Trina*, 161 F. Supp. 3d at 1346 (quoting *Am. Satellite Co. v. United States*, 22 Cl. Ct. 547, 549 (1991)). In fact, Zonos goes to great lengths to highlight its agreements with the defendants' stated positions. In its responses to the Court's questions, Zonos quotes extensively from CBP's rulemaking and public website and Executive Order 14324, with very little additional argument or information. ECF No. 20-2 at 1-5. Zonos's proposed *amicus* brief does not seem to present any argument that the parties themselves are not interested in or capable of presenting.

The closest Zonos comes to articulating a unique perspective is when it asserts that it has information CBP lacks regarding duties for shipments collected from senders and remitted to CBP by third parties. Amicus Br. at 2 (asserting that while "CBP has no information . . . to refund the duties directly to the party who paid them . . . Zonos does have that information"). Zonos has elsewhere explained that such information "consist[s] of the monthly International Mail Duty Worksheets submitted to CBP (identifying, for each shipment, the tracking number, country of origin, duty rate, value, and duty owed) and the corresponding Pay.gov payment confirmation numbers." ECF No. 20-2 at 5. It goes on to state "[w]e understand CBP's records to **consist of the same worksheets**, since it received them directly." *Id.* (emphasis added). In other words, the only helpful information Zonos purports to be able to share with the court is already in CBP's possession.

To the extent that Zonos is proposing to share additional information about who its *customers* are, it is important to note that, with certain very limited exceptions, CBP is only authorized to refund duties to the importer of record who paid them. *See* 19 C.F.R. § 24.36(b) ("Refunds of excessive duties, taxes, fees or interest shall be certified for payment **to the importer of record** unless a transferee of the right to withdraw merchandise from bonded

warehouse is entitled to receive the refund under section 557(b), Tariff Act of 1930, as amended, or an owner's declaration has been filed in accordance with section 485(d), Tariff Act of 1930, or a surety submits evidence of payment to Customs, upon default of the principal, of amounts previously determined to be due on the same entry or transaction. …") (emphasis added); *see also* 19 C.F.R. § 141.1(b)(1) ("The liability for duties, both regular and additional, attaching on importation, constitutes a personal debt due from the importer to the United States …."). For mail shipments entered under to the interim process established pursuant to Section 2(b) of the *De Minimis* EO, the transportation carrier or approved qualified party (like Zonos) who declared and paid the duties to CBP is the importer as consignee. *See* 19 C.F.R. § 101.1 at definition of "Importer" ("'Importer' means the person primarily liable for the payment of any duties on the merchandise, or an authorized agent acting on his behalf. The importer may be: (1) The consignee …."); 19 C.F.R. § 143.26(b) (2025) ("A shipment of merchandise valued at $800 or less which qualifies for informal entry under 19 U.S.C. 1498 … may be entered, using reasonable care, by the … consignee of the shipment …."). Therefore, while it is true that, as CBP EAC Thomas stated, the refund of IEEPA duties for mail shipments presents unique considerations, such that mail is a category that will need to be addressed separately from other IEEPA refunds, in part because "CBP has no information or ability to refund the duties directly to the party who paid them, rather than merely enriching the third parties who collected and remitted the duties to CBP," Thomas Decl. at ¶ 21, Zonos as the party "primarily liable for the payment of any duties" for the mail shipments it entered is clearly an interested party with regard to the refunds of IEEPA duties for such entries, and the legal framework does not provide for any mechanism for CBP to refund the duties to Zonos's customers.

Moreover, Zonos's reliance on *Southwest Airlines Co. v. United States*, 777 F. Supp. 3d 1318 (Ct. Int'l Trade 2025) is misplaced. *See* Amicus Br. at 4 (quoting *Southwest Airlines*, 777 F. Supp. 3d at 1329-30). In that case, the statute ("COBRA") specifically provided that airlines issuing tickets to individuals for transportation into the customs territory of the United States are required to "*collect from that individual* the fee charged . . . at the time the document or ticket is issued" and "remit those fees to [CBP]." 19 U.S.C. § 58c(d)(1)(A) and (d)(3) (emphasis added). In that context, the court found that "COBRA set up a system where carriers collect money from customers and forward it to CBP, such that carriers like Southwest act as a conduit." *Southwest Airlines*, 777 F. Supp. 3d at 1330 (citing 19 U.S.C. § 58c).

Unlike Southwest, Zonos does not act like a conduit. Instead, with respect to low-value informal mail entries for which Zonos or other carriers or qualified parties declared and paid IEEPA duties, however, the duty liability attached to the consignee importer who entered the merchandise and paid the duties, as explained above. Unlike COBRA passenger fees, which are statutorily required to be collected directly from the ticketed passengers, carriers or qualified parties required to enter and pay IEEPA duties for low-value mail shipments were not required to in turn collect such duties from any specific third parties. *See De Minimis* EO § 3 (providing that carriers or qualified parties "must collect and remit duties to CBP" but not specifying any third parties from whom the duties must be collected). Thus, CBP has no information about Zonos's customers precisely because the law imposed the duty liability on Zonos itself, as the importer-consignee for the merchandise for which it filed informal mail entries pursuant to the interim process, regardless of whether Zonos may have in turn passed on the duty charge to its customers.

It is unclear how Zonos's argumentation can be anything but redundant in this case. Zonos's only proposed contribution is to explain the records it has already provided to CBP in its role as a qualified party. Amicus Br. at 2. Defendants respectfully submit that CBP is fully capable of explaining its records without Zonos's assistance.

**D. The Information and Argument Presented by Zonos Are Neither Strong nor Useful**

Zonos's proposed amicus brief and responses to this Court's questions present publicly available guidance and regulatory information from CBP and describes how Zonos records tariff payments and transmits this information to CBP. Because "*amicus* briefs are solely for the benefit of the Court," *Stewart-Warner Corp. v. United States*, 4 Ct. Int'l Trade 141, 142 (U.S. 1982), the utility and strength of a proposed *amicus curiae*'s information and argument are the most important factors for this Court to consider. "An amicus brief will assist the court in its review of the issues when it 'present[s] ideas, arguments, theories, insights, facts, or data that are not to be found in the parties' briefs.'" *Irving Paper*, 296 F. Supp. 3d at 1375 (quoting *Voices for Choices v. Illinois Bell Tel. Co.*, 339 F.3d 542, 545 (7th Cir. 2003)). Zonos's proposed *amicus* brief presents none of these advantages, and it has therefore not demonstrated that it will "prove more of a hindrance than help." *Corning Gilbert*, 36 Ct. Int'l Trade at 683.

Zonos has not "presented an alternate analysis of [a legal] question that is in opposition to the positions presented by the parties." *Irving Paper*, 296 F. Supp. 3d at 1374. As stated in its responses to this Court's questions, the records it created and kept to document tariff payments have already been provided to CBP. ECF 20-2 at 2. While Zonos states that it will "partner with the government again to ensure refunds are paid to the right parties," Amicus Br. at 3, it does not explain any idea, theory, or insight as to what that partnership would look like. Nor would the Government consent to such partnership.

In sum, while it is understandable that Zonos, as an interested party that paid IEEPA duties, seeks a seat at the table to seek to influence how IEEPA refunds payments are processed—and particularly to advocate for its own role in such a process—this proposed participation falls far short of providing useful argument or information to the Court. "Amicus briefs which 'duplicate the arguments made in litigants' briefs, in effect merely extend the length of the litigant's brief . . . and should not be allowed.'" *Ass'n of Am. Sch. Paper Suppliers*, 34 Ct. Int'l Trade at 210 (quoting *Ryan*, 125 F.3d at 1063). To the extent that the CBP regulations and guidance quoted in Zonos's proposed amicus brief are relevant to this litigation, CBP is fully capable of presenting relevant information and argument, including any of Zonos's records in its possession.

**CONCLUSION**

For these reasons, the Court should deny Zonos's motion for leave to file an *amicus curiae* brief in this matter. Additionally, if—after briefing on this motion is concluded—the Court determines that the conference currently scheduled for October 1, 2026 is still necessary, Zonos's participation should be limited to its attorney of record. For all the reasons detailed above, participation by Zonos's witnesses are inappropriate for an *amicus curiae* and will not be helpful to the Court.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. McCARTHY
Director

CLAUDIA BURKE
Deputy Director

/s/ Samuel J. Harrison
SAMUEL J. HARRISON
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
P.O. Box 480, Ben Franklin Station
Washington, D.C. 20044
(202) 598-3874
Samuel.J.Harrison@usdoj.gov

September 10, 2026

*Attorneys for Defendant United States*