**UNITED STATES COURT OF INTERNATIONAL TRADE**

**BEFORE: THE HONORABLE RICHARD K. EATON, SENIOR JUDGE**

FREESTYLE WORLD, INC., on behalf of itself and all others similarly situated,

Plaintiff,

v.

U.S. CUSTOMS AND BORDER PROTECTION; *et al.*,

Defendants.

Court No. 26-01088

**DECLARATION OF BRANDON LORD**
**RESPONDING TO OCTOBER 29, 2026 COURT ORDER**

I, Brandon Lord, pursuant to 28 U.S.C. § 1746, and based upon my personal knowledge and information made known to me in the course of my employment, hereby make the following declaration with respect to the above-captioned matter:

1. I am the Executive Director, Trade Programs Directorate, Office of Trade, U.S. Customs and Border Protection (CBP), a position I have held since July 2022. In my role, I lead CBP's strategic efforts to enforce and protect the revenue, including the implementation of tariff measures under Section 232 of the Trade Expansion Act of 1962 and the International Emergency Economic Powers Act (IEEPA). I lead the administration of priority international trade issues, including Tariffs and Trade Remedies, Intellectual Property Rights, Free Trade Agreements, Import Safety, Textiles and Antidumping and Countervailing Duties. Previously, I served as the Acting Executive Director for Trade

Policy and Programs, Office of Trade, from March 2021 until November 2021, and as the Deputy Executive Director for Trade Policy and Programs, Office of Trade, from November 2017 until July 2022.

2. CBP has developed a new capability within its system of record for imported merchandise — the Automated Commercial Environment (ACE) — to calculate and provide valid refunds of additional *ad valorem* duties imposed under IEEPA. This new ACE functionality is called the Consolidated Administration and Processing of Entries (CAPE).

3. The first phase of the CAPE functionality became available for use by importers and their brokers in ACE at 7:11am eastern time on Monday, April 20, 2026. As of 12pm eastern time on Thursday, November 5, 2026, 321,021 CAPE declarations have been submitted, of which 226,899 CAPE declarations passed the file validations.[1]

4. As of 12pm eastern time on Thursday, November 5, 2026, (a) the CAPE declarations that passed the file validations cover 44 million entries[2] and (b) 6.9 million entries included on CAPE declarations failed the entry level validations.[3]

5. As of 12pm eastern time on Thursday, November 5, 2026, approximately $138.3 billion in both potential and certified refunds have been accepted for processing in CAPE. Of this total amount, refunds (duties plus interest) of approximately $128.4 billion have been

[1] Please refer to ¶3.a of my declaration filed March 12, 2026, also included as Exhibit C to my declaration filed August 4, 2026, for a description of the file validations performed by the CAPE functionality after a CAPE Declaration is submitted.

[2] The figure in ¶4(a) reflects the total number of entries submitted on a CAPE declaration that have passed the file validations. Acceptance of these entries for further processing in CAPE is dependent on whether the entry passes the entry specific validations. Please refer to ¶3.b of my declaration filed March 12, 2026, also included as Exhibit C to my declaration filed August 4, 2026, for a description of the entry-specific validations performed by the CAPE functionality after a CAPE Declaration successfully passes the file validations.

[3] Paragraph 4(b) of my previous declarations reported the number of accepted entries that had subsequently liquidated and/or reliquidated without IEEPA duties. An updated figure for these entries is not available at this time, but will be included in my next declaration.

completed using the CAPE Refund component[4] certified by the agency, and sent to the U.S. Department of Treasury ("Treasury") for disbursement. CBP's financial accounting system receives updates from Treasury that indicate these CBP certified refunds are being regularly dispersed. CBP continues to review and finalize the outstanding potential refunds via CAPE's Review and Liquidation/Reliquidation component.[5]

6. As of 12pm eastern time on Thursday, November 5, 2026, 18,072 refunds, totaling approximately $737 million, have not been transmitted to Treasury because Automated Clearing House account information has not been provided by the importer of record or its authorized CBP Form 4811 designee.

7. At 5am eastern time on Monday, June 29, 2026, CBP successfully deployed new CAPE functionality for use by importers and their brokers in ACE. This new functionality permits importers and their brokers to include entries on a CAPE declaration that are unliquidated (or that have liquidated within the preceding 80 days) and that were flagged for reconciliation, but for which no Reconciliation Entry (Entry Type 09) has been filed.

8. At 5:10am eastern time October 6, 2026, CBP successfully deployed CAPE Phase 3, a new CAPE functionality which covers finally liquidated entries filed by plaintiffs for which the Court has ordered reliquidation, including those entries subject to a protest. As of 12pm eastern time on Thursday, November 5, 2026, 4,579 CAPE declarations have been accepted for processing in Phase 3 (i.e., have passed the entry and file validations), covering 16,011,353 entries. CBP is providing plaintiffs who have submitted a valid importer of record (IOR) number with access to CAPE Phase 3 on a rolling basis.

[4] Please refer to ¶9 of my declaration filed March 12, 2026, also included as Exhibit C to my declaration filed August 4, 2026, for a description of the CAPE Refund component.

[5] Please refer to ¶7 of my declaration filed March 12, 2026, also included as Exhibit C to my declaration filed August 4, 2026, for a description of the CAPE Review and Liquidation/Reliquidation component.

Plaintiffs that submitted a valid IOR number by August 27, 2026, are currently able to file CAPE declarations for Phase 3. Plaintiffs who submitted a valid IOR after August 27, 2026 will gain access to Phase 3 at a later date, and CBP will continue to notify plaintiffs, via email to their counsel, when they are able to file CAPE declarations for Phase 3.

I declare that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed this 10th day of November, 2026.

Brandon Lord
Executive Director
Trade Programs
Office of Trade
U.S. Customs and Border Protection