**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

**BEFORE: THE HONORABLE RICHARD K. EATON, SENIOR JUDGE**

| | |
|---|---|
| Freestyle World, Inc., on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>U.S. CUSTOMS AND BORDER PROTECTION; RODNEY S. SCOTT, in his official capacity as Commissioner of U.S. Customs and Border Protection; and the UNITED STATES OF AMERICA,<br><br>Defendants. | Court No. 26-cv-01088 |

**FREESTYLE WORLD INC.'S MOTION FOR ENTRY OF PROPOSED CLASS RELIEF ORDER**

Plaintiff Freestyle World, Inc., on behalf of itself and the certified class, respectfully requests that the Court enter the accompanying proposed order ("Class Relief Order") providing relief to the class in this case. The Class Relief Order is similar to the orders entered by the Court in parallel cases seeking relief from the duties unlawfully imposed pursuant to the International Emergency Economic Powers Act ("IEEPA"). *See, e.g.*, *Princess Awesome, LLC et al. v. United States Customs and Border Protection et al.*, Court No. 25-00078, ECF No. 25 (July 15, 2026) ("*Princess Awesome* Relief Order"). In that regard, this motion seeks to provide the same relief for Class Members, who will not need to file individual lawsuits, as this Court has ordered for importers of record who filed suit individually. That relief includes access to full refunds, with interest, including for entries that liquidated more than 80 days ago. In addition, the Class Relief Order clarifies that the class definition includes all IEEPA duty payments, informs Class Members that class certification has tolled their legal claims, and includes updated

data from the latest submission from U.S. Customs and Border Protection ("CBP").[1] Thus, entry of the proposed Class Relief Order is appropriate.

**1. Full Refunds, with Interest, Through CAPE for Class Members**

As this Court noted in its Class Certification Order, Class Members were not eligible for refunds through Phase 3 of CAPE. ECF No. 61 at 22 (noting that CAPE Phase 3 "permits the plaintiffs in the more than 4,000 cases where the court's order has been entered to file a CAPE declaration"). The proposed Class Relief Order permits Class Members to participate in Phase 3 of CAPE. Accordingly, upon entry of the Class Relief Order, Class Members can receive full refunds, with interest, for entries that liquidated more than 80 days ago in addition to any lingering claims for unliquidated entries and entries liquidated fewer than 80 days ago.

In recognition of the nature of this class action, Class Counsel respectfully propose tailoring the Class Relief Order to reflect certain differences between this class action and individual lawsuits. Certain aspects of the Court's original *Princess Awesome* Relief Order depend upon the intercession of counsel in order for CBP to process the plaintiff's refunds. *See Princess Awesome* Relief Order at 3 ("In accordance with this order, to successfully submit a CAPE declaration for finally liquidated entries, Plaintiffs must first submit to U.S. Customs and Border Protection certain information, including their importer of record identification number(s). Instructions describing how to make this submission will be sent to Plaintiffs' counsel."). While this is warranted in the context of individual cases with retained counsel, such a mechanism is obviated by and procedurally unworkable in the context of a class order providing relief to potentially hundreds of thousands of importers simultaneously—as well as

[1] *Freestyle World* ECF No. 69 (Declaration of Brandon Lord dated November 10, 2026) ("Nov. 10 Lord Declaration").

being unnecessary once *every* payer of IEEPA duties has a court order entitling them to full reliquidation and refund.

In a similar vein, the Class Relief Order contains additional information so that Class Members can obtain refunds without the direct intercession of Class Counsel. In collaboration with Defendants, Class Counsel expect to make available and publish clear and direct instructions on both the Court's webpage[2] and the Government's existing webpage[3] on how Class Members can access CAPE to claim refunds.

While the purpose of the Class Relief Order is to provide Class Members who successfully submit a CAPE declaration with complete relief, Class Members who do not receive complete relief may require further assistance from this Court for all refunds to be paid in full, with applicable interest. Thus, like the Court's original *Princess Awesome* Relief Order, the Class Relief Order is framed as an order rather than a judgment, so that Class Members needing the Court's assistance may, in accordance with the USCIT Rules, file a motion to seek further relief or otherwise move with regard to entries on which Class Members paid estimated deposits pursuant to IEEPA and that Customs and Border Protection has not yet refunded in full, with applicable interest.

**2. Modification of Class Definition**

Pursuant to the Court's recommendation, the Class Relief Order amends the class definition to clarify that it includes all IEEPA duty payments. *See* CIT Rule 23(c)(1)(C) ("An order that grants or denies class certification may be altered or amended before final

[2] Court of International Trade, *IEEPA Refund Class Action Litigation*, https://www.cit.uscourts.gov/ieepa-refund-class-action-litigation.
[3] U.S. Customs and Border Protection, International Emergency Economic Powers Act (IEEPA) Duty Refunds, https://www.cbp.gov/trade/programs-administration/trade-remedies/ieepa-duty-refunds.

judgment."); *In re Holocaust Victim Assets Litig.*, 225 F.3d 191, 201 (2d Cir. 2000) ("Rule 23 gives the District Court broad discretion to modify the definition of the class even *after* certification[.]" (emphasis in original) (citing Fed. R. Civ. P. 23(c)(1)(C))); *accord Powers v. Hamilton Cnty. Pub. Def. Comm'n*, 501 F.3d 592, 619 (6th Cir. 2007) ("district courts have broad discretion to modify class definitions"); *Schorsch v. Hewlett-Packard Co.*, 417 F.3d 748, 750 (7th Cir. 2005) ("Litigants and judges regularly modify class definitions[.]"). The Court, following the proposed class definition in Plaintiff's motion for class certification, certified a class consisting of "[a]ll importers of record who paid duties imposed by the Challenged Tariff Orders between February 1, 2025, and February 19, 2026, excluding any entity that has separately filed an action seeking to recover IEEPA duties payments." *Freestyle World, Inc. v. U.S. Customs & Border Protection*, No. 26-01088, ECF No. 61. The certified class definition should be modified as follows: "[a]ll importers of record who paid any duties imposed pursuant to IEEPA, excluding any entity with a separately filed action seeking to recover IEEPA duty payments."

First, this modification removes the date restrictions that might artificially exclude importers of record who, for whatever reason, were still assessed and paid IEEPA duties after February 19, 2026, notwithstanding the Supreme Court's decision in *Learning Res., Inc. v. Trump*, 607 U.S. 229, 255 (2026).

Second, the change from "the Challenged Tariff Orders" to "any duties imposed pursuant to IEEPA" grants greater clarity to the class. Some coverage of the Court's certification order has suggested that payers of IEEPA duties imposed after the Challenged Tariff Orders may fall outside the class—in particular, additional IEEPA duties imposed on imports from Brazil (Executive Order 14323, dated July 30, 2025) and India (Executive Order 14329, dated August

6, 2025). *See, e.g.*, Lieberman PLLC – Erik, *The Court of International Trade Certifies an IEEPA Refund Class: What the Freestyle World Ruling Means for Importers With Outstanding Refunds* (Oct. 20, 2026), https://www.liebermanpllc.com/freestyle-world-ieepa-refund-class-certification/ (Exhibit 1); Steptoe – Ron Kendler *et al.*, *Relief in Sight: CIT Certifies Class for IEEPA Tariff Refunds for Certain Importers* (Oct. 13, 2026), https://www.steptoe.com/en/news-publications/global-trade-and-investment-law-blog/relief-in-sight-cit-certifies-class-for-ieepa-tariff-refunds-for-certain-importers.html (Exhibit 2). This impression is incorrect: such importers *are* within the class because the additional IEEPA duties were on top of the original IEEPA duties imposed by the Challenged Orders, in particular, the global tariffs imposed by Executive Order 14257, dated April 2, 2025. Thus, because all payors of the *extra* Brazil- and India-specific tariffs were also payors of IEEPA duties imposed pursuant to the Challenged Orders, they fall within the class. Nevertheless, for the avoidance of any doubt and in the interests of clarity (a key objective of the Court and all Parties), Plaintiff proposes a modification of the class definition.

Third, Plaintiff proposes changing the definition of who is excluded from the class from any importer that "has separately filed an action" to any importer "with a separately filed action." This clarifies that importers can remove themselves from the class by filing a separate action, either before *or* after the certification of the class. Again, while the best reading of the original class definition does cover both earlier- and later-filed individual actions, this modification removes any potential ambiguity.

**3. Tolling**

Class Members have not received direct notice of class certification. As such, many Class Members are not aware that class certification automatically tolls their claims. *See Am.*

*Pipe & Constr. Co. v. Utah*, 414 U.S. 538 (1974). In addition, third parties have expressed uncertainty about the application of *American Pipe* tolling to the Class Members. *See, e.g.*, *What the Freestyle World Ruling Means for Importers With Outstanding Refunds*, *supra*; Miller & Chevalier, *Trade Compliance Flash: Court of International Trade Certifies Class Action for IEEPA Tariff Refunds* (Oct. 12, 2026), https://www.millerchevalier.com/publication/trade-compliance-flash-court-international-trade-certifies-class-action-ieepa-tariff (Exhibit 3). Unfamiliarity with or uncertainty about tolling may impact the number of individual actions filed since the Court's certification of the class. Although tolling was provided by the Court's class certification order—and, for at least most importers, by the filing of the *Freestyle World* class action complaint months earlier—the Class Relief Order explicitly identifies and orders the tolling of the statute of limitations to provide clarity to the public and, more importantly, to Class Members.

**4. Additional changes**

Certain other ministerial changes have been made, including updating the refund figures to reflect the Nov. 10, 2026 Lord Declaration; adding paragraphs reflecting the certification of the *Freestyle World* class; removing language about lifting the stay (and the portion of the ordered relief about the case otherwise remaining stayed); removing language about plaintiffs who have obtained complete relief voluntarily dismissing their cases; and clarifying that future orders regarding notice and other categories of claims may issue. Finally, the Class Relief Order notes that, in order to ensure that all Class Members receive complete relief, the Court may also issues further orders, including addressing notice to Class Members and additional categories of claims.

* * *

Class Counsel has conferred with the Government. The Government intends to file a response to Plaintiff's motion. Accordingly, Plaintiff *Freestyle World* respectfully requests that the Court enter the proposed Class Relief Order so that Class Members may obtain relief from the unlawfully imposed IEEPA tariff duties.

Dated: November 10, 2026

Respectfully submitted,

By: */s/ Lawrence M. Friedman*

Lawrence M. Friedman
lfriedman@barnesrichardson.com
BARNES, RICHARDSON & COLBURN, LLP
303 East Wacker Drive, Suite 305
Chicago, IL 60601
Telephone: 312.297.9554

Elizabeth J. Cabraser
ecabraser@lchb.com
Daniel M. Hutchinson
dhutchinson@lchb.com
Nicole M. Rubin
nrubin@lchb.com
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: 415.956.1000
Facsimile: 415.956.1008

Nicholas Diamand
ndiamand@lchb.com
Lucas Issacharoff
lissacharoff@lchb.com
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY 10013-1413
Telephone: 212.355.9500
Facsimile: 212.355.9592

Joel B. Young
jby@tidricklaw.com
THE TIDRICK LAW FIRM LLP
1990 N. California Blvd., 8th Floor
Walnut Creek, CA 94596
Telephone: 510.788.5100