# APPENDIX OF CITED WEB PAGES

Exhibit 1

Lieberman PLLC, “The Court of International Trade Certifies an IEEPA Refund Class: What the Freestyle World Ruling Means for Importers With Outstanding Refunds”

https://www.liebermanpllc.com/freestyle-world-ieepa-refund-class-certification/

Captured Nov. 10, 2026

# The Court of International Trade Certifies an IEEPA Refund Class: What the Freestyle World Ruling Means for Importers With Outstanding Refunds

The U.S. Court of International Trade certified a nationwide class of importers who paid tariffs under IEEPA that courts later found unlawful, in Freestyle World v. CBP (October 8, 2026). The IEEPA refund class action certification alone does not produce refunds: no class-wide reliquidation injunction has issued, government appeals remain pending at the Federal Circuit, and the class excludes importers who filed individual suits, those affected by Brazil or India tariffs, and payments made after February 19, 2026.

The article outlines procedural gaps, interaction with CBP's CAPE refund system, and guidance for importers deciding between relying on the class or filing individually. It recommends verifying importer-of-record status, categorizing payments by tariff program and liquidation status, tracking the statute-of-limitations deadline near February 2027, and correcting CBP records to ensure proper refund receipt.

*Attorney advertising. This article is for general informational purposes and is not legal advice.*

On October 8, 2026, the U.S. Court of International Trade certified a nationwide class of importers who paid tariffs under the International Emergency Economic Powers Act (IEEPA). *Freestyle World, Inc. v. U.S. Customs and Border Protection*, Slip Op. 26-123, Court No. 26-01088. The class covers:

> *"All importers of record who paid duties imposed by the Challenged Tariff Orders between February 1, 2025, and February 19, 2026, excluding any entity that has separately filed an action seeking to recover IEEPA duties payments."*

For the tens of thousands of importers who never filed a CAPE declaration and never filed their own lawsuit, this is the most significant development since the Supreme Court struck down the tariffs in February. It is also not a refund. The court certified the IEEPA refund class; it has not issued the injunction that would actually direct CBP to reliquidate class members' entries. And, as explained below, some importers who paid IEEPA duties are not in the class at all. This article explains what the ruling does, what it does not do, and how it changes the calculus for companies still deciding whether to file their own case.

## Background

On February 20, 2026, in *Learning Resources, Inc. v. Trump*, 607 U.S. 229 (2026), the Supreme Court held that IEEPA does not authorize the President to impose tariffs. Judge Eaton then entered orders directing CBP to liquidate or reliquidate entries without regard to IEEPA duties, and CBP built the CAPE (Consolidated Administration and Processing of Entries) module in ACE to process refunds at scale.

Roughly $136.6 billion in potential and certified refunds had been accepted into CAPE and about $126 billion in duties and interest had already been refunded — more than 75 percent of the estimated $166 billion collected. CBP has liquidated or reliquidated more than 21 million entries through the system.

Two gaps remained. First, CBP has maintained that it lacks authority to reliquidate *finally liquidated* entries — those liquidated more than 90 days ago — without a court order directing it to do so. CAPE Phase 3, deployed October 6, 2026, processes those entries only for importers who sued and obtained the court's reliquidation order in their own cases. Second, some importers have simply never used CAPE at all, whether because they never heard of it or because the cost of assembling a declaration did not seem worth it. The court estimated that if CAPE stopped operating today, about $30 billion in unlawfully collected duties would remain in the Treasury.

Separately, the government has appealed the portion of Judge Eaton's orders that directs reliquidation of *all* affected entries, arguing that universal relief is improper and that refunds of finally liquidated entries should run only to importers who sued. Those appeals remain pending at the Federal Circuit, and the universal order is stayed as to non-filers while they are decided. A certified class is the procedural answer to the government's argument: relief entered for a class is relief for parties to the case, not a universal injunction.

## What Happens Next — and What the Ruling Does *Not* Do Yet

It is easy to read headlines about this decision and conclude that refunds are on their way to every importer. That is premature, for several reasons.

**No injunction has issued.** The October 8 order certified the class and appointed counsel. The court held a closed conference with the parties on October 13, and as of this writing no public order has followed from it. The parties' joint proposed scheduling order is due October 22, 2026, and must include the date by which the government will answer or otherwise respond to the class complaint. The class-wide reliquidation order is the step after that. The court made clear it expects that step to follow, but practitioners generally do not expect it before the government responds to the complaint.

**The government may still seek review.** The government opposed class treatment at every stage and is already appealing Judge Eaton's universal refund orders. As of mid-October it had not publicly sought review of the certification order, but it would not be surprising if it

did, or if it asked for a stay of any class-wide injunction once entered. A certification order can also be revisited by the trial court before final judgment.

**The Federal Circuit appeals are still pending.** The government's appeals of the universal refund orders remain undecided, and oral argument has not yet been held. The class mechanism is designed to survive an adverse outcome there, but the two proceedings will interact, and the timing is uncertain.

**The *V.O.S.* class motion is a different vehicle.** A separate class certification motion in *V.O.S. Selections, Inc. v. United States*, argued August 6, 2026, proposes a different class and seeks a different remedy — expanding access to CAPE for entries it does not currently accept. That motion remains pending. As discussed below, it may matter most to importers left out of the *Freestyle* class.

**Mechanics are undefined.** How CBP will process class members' entries — whether through CAPE, through an automated mass reliquidation, or through some submission requirement like the IOR-number submission required of individual plaintiffs — has not been determined. The class complaint also asks for a court-supervised notice program, and how and when class members will be notified has not been decided.

## Who Is In the Class — and Who Is Not

The class definition is short, but each piece of it matters.

**You must be the importer of record.** The class runs to importers of record who paid IEEPA duties. A U.S. buyer that bore the cost through a delivered-duty-paid price, a marketplace, or an end customer is not the importer of record and is not a class member. If your supplier was the IOR, the refund, if any, belongs to the supplier, and your remedy, if any, lies in your contract.

**The duties must have been imposed by the "Challenged Tariff Orders" — which leaves out the Brazil and India tariffs.** Because Freestyle filed before the Supreme Court ruled, the opinion explains that the class defines "Challenged Tariff Orders" as the orders the Federal Circuit held unlawful in *V.O.S. Selections* — the trafficking and reciprocal tariffs. The separate IEEPA tariffs later imposed on goods from Brazil and on goods from India were not part of that case. Importers whose claims rest on those tariffs fall outside the *Freestyle* class and need to protect their claims another way — either individually or, potentially, through the broader class proposed in *V.O.S.*

**The duties must have been paid between February 1, 2025, and February 19, 2026.** The court's footnote explains that these are the dates the plaintiff believes bracket the unlawful collections before the suit was filed. But collection did not stop on February 19: practitioners report that IEEPA duties continued to be collected through February 23, 2026. Payments made after February 19 are, on the face of the definition, outside the class.

**You are excluded if you have "separately filed an action seeking to recover IEEPA duties payments."** This is the most consequential line in the order. If you have already filed your own Section 1581(i) case, you are not a class member; you proceed under the reliquidation order entered in your own case, which is already being processed through CAPE Phase 3. And by the plain terms of the definition, an importer that files its own action *now* takes itself out of the class.

**There is no opting in or out.** Membership in a Rule 23(b)(2) class is mandatory. If you fit the definition, you are in, and you will be bound by the outcome — including, as the order notes, any settlement.

## Should You Still File Your Own Case?

This is the question we have heard most since October 8, and the honest answer is that it depends on the size of your claim, the age of your entries, which tariffs you paid, and your tolerance for delay and uncertainty.

The case for relying on the class is straightforward. If the court enters a class-wide reliquidation injunction and it holds up, class members will receive the same relief as individual plaintiffs without the cost of litigation. For an importer with modest IEEPA payments under the reciprocal or trafficking tariffs, that may be the economically sensible path.

The case for filing individually has not disappeared, though, and in some situations it has gotten stronger:

- **You may not be in the class.** If your IEEPA payments include the Brazil or India tariffs, or duties paid after February 19, 2026, the *Freestyle* class does not cover those payments. An individual action, or a close watch on the *V.O.S.* motion, is the way to protect them.
- **Speed and certainty.** An individual plaintiff obtains the court's standard reliquidation order in its own case, and CAPE Phase 3 is processing those claims now. One firm active in this litigation reports that the court has been entering individual orders within about four business days of filing. A class member, by contrast, is waiting on an injunction that has not issued, a schedule that has not been set, and possible appellate review.
- **Timing of the money.** Refunds accrue statutory interest, but money in hand is worth more than money in the pipeline. For large claims, months of delay can matter.
- **The statute of limitations.** A Section 1581(i) claim generally must be filed within two years of accrual under 28 U.S.C. § 2636(i). For the earliest IEEPA collections, that window closes in February 2027. Whether the pendency of a class action tolls that period for class members who later file individually — the doctrine associated with *American Pipe & Construction Co. v. Utah* has not been resolved for Section 1581(i) claims, and the certification order does not address it. Importers should not assume tolling will protect a claim if the class is later narrowed or decertified.

For importers with significant exposure, particularly on entries collected in early 2025, the conservative course is still to evaluate an individual filing on the merits rather than default to the class. That is a decision to make deliberately and soon — not by inaction — because the earliest deadlines are now less than four months away and filing your own case removes you from the class.

## What You Should Do Now

**1. Confirm you were the importer of record.** Pull your entry summaries (CBP Form 7501) and ACE reports for every period in which you paid IEEPA duties, and confirm the IOR number on each entry is yours.

**2. Sort your IEEPA payments by tariff program and date.** Separate reciprocal and trafficking duties from any Brazil- or India-specific IEEPA duties, and flag any payments made after February 19, 2026. Those last two groups are outside the *Freestyle* class definition.

**3. Sort your entries by liquidation status.** Unliquidated and recently liquidated entries may still be recoverable through standard CAPE processing. Finally liquidated entries are the ones that depend on a court order — either your own or the class's.

**4. Determine whether you are in or out of the class.** If you (or an affiliate filing under the same IOR) have already filed a Section 1581(i) action, you are excluded and should confirm your case is moving through CAPE Phase 3.

**5. Make a deliberate decision about filing.** Weigh the size of your claim, the age of your oldest entries, and whether any payments fall outside the class against the time and cost of an individual suit. Calendar the two-year deadline for your earliest collections.

**6. Clean up your importer records now.** Whatever path you take, refunds flow to the importer of record through ACE. Verify your CBP Form 5106 data is accurate and belongs to you, and confirm your ACE refund/ACH bank information is current. (We have written separately about CBP's recent enforcement of Form 5106 accuracy — a voided or stale IOR record is an avoidable obstacle to getting paid.)

**7. If you bought under DDP terms, look at your contracts.** If your supplier was the importer of record, the refund goes to the supplier. Whether you have a contractual claim to any portion of it is a commercial question, and the time to raise it is before the money moves.

**8. Watch the docket.** The October 22 scheduling order will set the timetable for the government's response and, eventually, the class-wide injunction. The CIT is posting class-action documents on a dedicated page of its website. Any government request for appellate review or a stay would change the timeline.

## How We Can Help

Lieberman PLLC advises importers on IEEPA refund recovery, including CAPE submissions, Section 1581(i) filings at the Court of International Trade, and the strategic choice between individual litigation and reliance on the *Freestyle World* class. We can review your entry data, determine whether — and for which payments — you fall within the class definition, identify your earliest statute-of-limitations deadlines, and help you decide, and act, before those deadlines run. We also help importers correct Form 5106 and ACE records so that refunds, once ordered, actually reach them. Contact us to discuss your situation.

---

*This article reflects the Court of International Trade's October 8, 2026 opinion and order in* Freestyle World, Inc. v. U.S. Customs and Border Protection *and the state of related proceedings as of October 19, 2026. The class-wide injunction has not yet issued, the government's Federal Circuit appeals remain pending, and further review of the certification order is possible. The rules governing class membership, eligibility, and deadlines may change. Nothing here should be relied upon as legal advice or as a substitute for consultation with qualified counsel regarding your specific circumstances.*

■

<u>Exhibit 2</u>

Steptoe, "Relief in Sight: CIT Certifies Class for IEEPA Tariff Refunds for Certain Importers"

https://www.steptoe.com/en/news-publications/global-trade-and-investment-law-blog/relief-in-sight-cit-certifies-class-for-ieepa-tariff-refunds-for-certain-importers.html

Captured Nov. 10, 2026

# Relief in Sight: CIT Certifies Class for IEEPA Tariff Refunds for Certain Importers

On October 8, 2026, the US Court of International Trade (CIT) cleared a significant procedural hurdle for the provision of refunds of duties unlawfully collected under the International Emergency Economic Powers Act (IEEPA). The recent developments in the IEEPA refund litigation have centered on two significant issues: (1) proposed class certification that could potentially extend relief to importers that have not filed their own lawsuits, and (2) CBP's implementation of Phase 3 of the Consolidated Administration and Processing of Entries (CAPE) refund process for finally liquidated entries. Each is discussed in further detail below.

## Background

The litigation stems from tariffs imposed by President Trump under IEEPA. On February 20, 2026, the Supreme Court held in *Learning Resources, Inc. v. Trump* that IEEPA does not authorize the President to impose tariffs.

After the Supreme Court's decision, the US Court of Appeals for the Federal Circuit (Federal Circuit) issued its mandate on March 2, 2026. Two days later, the CIT began issuing orders directing US Customs and Border Protection (CBP) to liquidate or reliquidate entries without the IEEPA duties. In response, CBP began processing refunds through the new CAPE system. In July 2026, the CIT's orders were eventually expanded to include even "finally liquidated" entries and were entered in more than 4,000 separate importer lawsuits.

The CIT emphasized that the remedy in those cases was straightforward: entries subject to IEEPA tariffs were to be liquidated or reliquidated without the unlawful duties, resulting in refunds of the excess duties deposited with CBP. In response, the government argued that the CIT did not have the authority to order liquidation for importers who have not sued the government for refunds, *i.e.*, non-plaintiff importers, under the Supreme Court's decision in *Trump v. CASA, Inc*., which prohibits nationwide injunctions. The government later appealed the portion of the orders requiring liquidation and reliquidation for importers who have not challenged the duties at the CIT, and that appeal remains pending before the Federal Circuit.

At the time the initial refund orders were issued, CBP estimated that approximately $166 billion in unlawfully collected IEEPA duties had been imposed on approximately 53 million entries involving roughly 330,000 importers of record. As of early October 2026, approximately $136.6 billion in potential and certified refunds have been accepted for processing in CAPE, and of that amount, approximately $126 billion in duties plus interest has been refunded to importers.

## Importer Class Certification

Plaintiffs in both *V.O.S. Selections, Inc. v. United States* and *Freestyle World, Inc. v. United States* sought certification of a class pursuant to CIT Rule 23, covering importers whose IEEPA refund claims were ineligible for processing through the CAPE system. The motions were filed in response to the government's argument that refunds for finally liquidated entries can be issued only to importers that have obtained court-specific relief.

Although CAPE has refunded most IEEPA duties, the court found that many importers, particularly smaller businesses, had not filed CAPE declarations or otherwise pursued relief through the CIT. Additionally, some categories of entries, including many finally liquidated entries of non-plaintiffs, were not fully covered by CAPE absent a court order. As a result, the court estimated that roughly $30 billion in unlawfully collected duties could remain in the Treasury if no further action were taken (*i.e.*, if the CIT could not grant relief for these importers).

On October 8, 2026, in *Freestyle World*, the CIT granted the plaintiff's motion for class certification to allow a nationwide class of importers to pursue refunds of duties collected under the unlawful IEEPA tariff actions. Class actions are exceedingly rare before the CIT, making the court's certification of a nationwide importer class particularly noteworthy.

The court found that the case is appropriate for treatment as a class action because it involves a large number of importers who were affected by the same IEEPA tariffs and whose claims raise the same legal question: whether those duties should be refunded following the Supreme Court's decision invalidating the tariffs. The court also found that the named plaintiff, Freestyle World, Inc., is similarly situated to other affected importers and can represent their interests in the litigation.

The court further determined that class certification was appropriate because the primary relief sought is an order directing CBP to remove the unlawful IEEPA duties from affected entries. While importers would ultimately receive refunds as a result, the court viewed those refunds as a consequence of CBP's implementation of the court's order rather than the primary focus of the case. It is possible that the government may appeal the class-certification decision, which could result in additional litigation regarding the viability of the certified class.

## CAPE Phase 3 Refund Process

Separately, Phase 3 of the CAPE system officially launched on October 6, 2026. Unlike Phase 1, which covered unliquidated entries and entries within a limited period after liquidation, and Phase 2, which addressed certain reconciliation entries, Phase 3 is designed to process refunds for finally liquidated entries. CBP has stated that Phase 3 currently applies only to importers that are plaintiffs in pending CIT litigation and for whom the CIT has issued reliquidation orders. Importers that provided valid importer-of-record information to CBP by July 30, 2026, became eligible to submit Phase 3 CAPE declarations beginning October 6.

Accordingly, at present, Phase 3 appears to provide a clear refund mechanism only for litigating plaintiffs with court-ordered reliquidation. Although the CIT has certified the appropriate class, the court has not provided a substantive ruling that would expand the scope of relief to non-litigants or class-members.

## Next steps:

Importers seeking refunds, and especially those who have not done so to date, can take the following steps in light of these recent developments:_

- **File a complaint at the CIT** – Although the CIT has certified the class for non-plaintiff importers, the most expeditious means to seek refunds is to file your own complaint at the CIT and participate in the CAPE Phase 3 refund process.
- **Evaluate whether entries are covered by the certified class –** The CIT explained that only importers who paid duties under the challenged IEEPA tariff orders between February 1, 2025 and February 19, 2026 are eligible to be part of the class. Although no steps are necessary for inclusion in the class at this point, importers should follow this litigation to see if any affirmative steps need to be taken at a later point to join the class.
    - The certified class excludes importers that previously filed individual actions seeking recovery of IEEPA duties. Companies with their own litigation generally must pursue relief through their existing case.
- **Review eligibility for CAPE Phase 3 –** CBP implemented CAPE Phase 3 to allow importers covered by court orders, including those in the thousands of individual IEEPA cases, to submit declarations and obtain refunds through the automated CAPE process. Importers should continue to assess whether any of their entries flagged for reconciliation or unliquidated entries and entries within 80 days of liquidation are eligible for Phase 1 or Phase 2 of CAPE's refund process.
- **Coordinate with customs counsel and your customs broker –** Because the interaction between the certified class, individual litigation, and CAPE processing continues to evolve, importers should verify the most advantageous avenue for obtaining refunds and preserving rights as additional court rulings and CBP guidance are issued.
- **AD/CVD liability for suspended entries –** For entries subject to AD/CVD proceedings, where liquidation is suspended pending Department of Commerce instructions, CBP has not yet provided specific guidance. While CAPE may account for the removal of IEEPA duties, the actual liquidation of the entry and issuance of any refund are expected to remain suspended until Commerce issues liquidation instructions.

Steptoe's International Trade team is closely monitoring the refund process. If you need support evaluating what these developments mean for your business, or support with filing a CIT complaint or other guidance navigating this refund process, our team is ready to help. ■

Exhibit 3

Miller & Chevalier, “Trade Compliance Flash: Court of International Trade Certifies Class Action for IEEPA Tariff Refunds”

https://www.millerchevalier.com/publication/trade-compliance-flash-court-international-trade-certifies-class-action-ieepa-tariff

Captured Nov. 10, 2026

In a significant development for importers seeking refunds of tariffs imposed under the International Emergency Economic Powers Act (IEEPA), Judge Richard K. Eaton of the U.S. Court of International Trade (CIT) certified the lead refund case as a class action on Thursday, October 8, 2026. *Freestyle World v. United States*, slip op. 26-123, No. 26-1088 (Ct. Int'l Trade Oct. 8, 2026). The decision is not final, however – it remains subject to appeal to the Court of Appeals for the Federal Circuit and could be overturned, so importers should not treat class membership as a guarantee of refunds.

If the certification stands, any refund order the CIT ultimately enters in the class action will apply to all class members, placing them essentially on the same footing as importers that filed their own refund suits. The court expressly linked certification to that result, stating that it was "certifying a class in the hope, and expectation, that this certification will lead to the liquidation or reliquidation of all of the entries on which the unlawful IEEPA duties were imposed, and the refund of those duties to the importers of record that paid them."

## Why Class Certification Matters

The government's position in the IEEPA tariff litigation has generally been that importers may, with some notable exclusions, seek refunds through the Customs Administrative Portal for Entries (CAPE), provided they (1) submit a claim for each eligible entry within 80 days after liquidation, or (2) file suit in the CIT and obtain a court order requiring reliquidation and then file a claim under Phase 3 of CAPE. Class certification is significant because it could extend refund relief to eligible importers who have not filed a lawsuit and whose entries were excluded from CAPE or who were, to date, unable or unwilling to use CAPE.

## Who Is in the Class

The court certified the following class:

> *All importers of record who paid duties imposed by the Challenged Tariff Orders between February 1, 2025 and February 19, 2026, excluding any entity that has separately filed an action seeking to recover IEEPA duties payments.*

The class seeks the same relief as the individual lawsuits: a refund of all IEEPA tariffs paid. The key difference is that importers who fit the class definition will not have to file their own claims.

## Possible Appeal

The government opposed class certification on several grounds and can appeal Judge Eaton's decision. At time of publication, it has not done so.

Assuming the certification decision is not overturned on appeal, we expect the CIT to order Customs and Border Protection (CBP) to refund IEEPA tariffs to all importers that meet the class definition above. CBP would then presumably allow all class members to submit claims through CAPE or would issue refunds through another mechanism. As a result, many smaller importers, as well as larger importers that chose not to file suit, may ultimately receive full refunds of the IEEPA tariffs they paid.

## Next Steps

A closed status conference is set for October 13, 2026, for the parties to discuss next steps. We will continue to monitor the case for developments after that conference.

Importers who have not filed their own case and are hoping to benefit from class relief should monitor developments closely. Because class certification could be overturned on appeal, we generally recommend that importers with claims currently excluded from CAPE file their own suit before any applicable statute of limitations ends, unless it first becomes clear that class relief is available.

---

Contact Miller & Chevalier's Customs & Import Trade Team with any questions about how this decision may affect your company's refund options.

Richard A. Mojica, rmojica@milchev.com, 202-626-1571

Adam P. Feinberg, afeinberg@milchev.com, 202-626-6087

Brittany Huamani, bhuamani@milchev.com, 202-626-5911

Julia M. Herring, jherring@milchev.com, 202-626-1486

Igor Sampley dos Santos, isampleydossantos@milchev.com, 202-626-6077

---

The information contained in this communication is not intended as legal advice or as an opinion on specific facts. This information is not intended to create, and receipt of it does not constitute, a lawyer-client relationship. For more information, please contact one of the senders or your existing Miller & Chevalier lawyer contact. The invitation to contact the firm and its lawyers is not to be construed as a solicitation for legal work. Any new lawyer-client relationship will be confirmed in writing.

This, and related communications, are protected by copyright laws and treaties. You may make a single copy for personal use. You may make copies for others, but not for commercial purposes. If you give a copy to anyone else, it must be in its original, unmodified form, and must include all attributions of authorship, copyright notices, and republication notices.

Except as described above, it is unlawful to copy, republish, redistribute, and/or alter this presentation without prior written consent of the copyright holder.

■