UNITED STATES COURT OF INTERNATIONAL TRADE

Before: Richard K. Eaton, Judge

FREESTYLE WORLD, INC., on behalf of itself and all others similarly situated,

Plaintiff,

v.

U.S. CUSTOMS AND BORDER PROTECTION; RODNEY S. SCOTT, in his official capacity as Commissioner of U.S. Customs and Border Protection; and the UNITED STATES OF AMERICA,

Defendants.

Court No. 26-01088

**ORDER**

On February 20, 2026, the United States Supreme Court, in a consolidated case that included *V.O.S. Selections, Inc. v. United States*, No. 25-00066, held that the International Emergency Economic Powers Act ("IEEPA")[1] "does not authorize the President to impose tariffs." *Learning Res., Inc. v. Trump*, 607 U.S. 229, 255 (2026). On March 2, 2026, the U.S. Court of Appeals for the Federal Circuit returned the *V.O.S.* mandate to this Court, and on March

[1] IEEPA, enacted in 1977, "gives the President economic tools to address significant foreign threats." *Learning Res.*, 607 U.S. at 237 (citation omitted). Pursuant to the statute, the President

> may investigate, block during the pendency of an investigation, regulate, direct and compel, nullify, void, prevent or prohibit, any acquisition, holding, withholding, use, transfer, withdrawal, transportation, importation or exportation of, or dealing in, or exercising any right, power, or privilege with respect to, or transactions involving, any property in which any foreign country or national thereof has any interest.

*Id.* (quoting 50 U.S.C. §§ 1701(a), 1702(a)(1)(B)). As noted above, the statute does not grant the President the authority to impose tariffs.

4, 2026, the court, in the related case of *Atmus Filtration, Inc. v. United States*, issued an order directing liquidation or reliquidation of entries that were subject to IEEPA duties. *Atmus Filtration, Inc. v. United States*, No. 26-01259, ECF No. 21; *see also V.O.S. Selections, Inc. v. United States*, No. 25-00066, ECF No. 73 (mandate). The natural result of the order was that the unlawfully assessed duties would be refunded.

On March 6, 2026, at a conference in the *Atmus Filtration* case, the Government acknowledged that it would, at least in part, comply with the court's order by constructing a voluntary system for liquidation or reliquidation of certain entries without regard to IEEPA duties. Also on March 6, 2026, the court suspended immediate compliance with its order. *Atmus Filtration v. United States*, No. 26-01259, ECF No. 33. Thereafter, the Government constructed the voluntary Consolidated Administration and Processing of Entries ("CAPE") system that commenced receiving declarations from importers on April 20, 2026. The CAPE system has expanded since April 20, 2026, to cover more categories of entries and, as of November 10, 2026, has accepted for processing approximately $138.3 billion in anticipated refunds. To date, approximately $128.4 billion in refunds have been sent to the U.S. Department of Treasury for disbursement.

While the *V.O.S.* case made its way through the courts, importers brought individual lawsuits in this Court seeking the refund of amounts they had deposited as IEEPA duties. These individual lawsuits now number in excess of 5,000 cases. At various points and in various proceedings, the Government has represented that it will refund estimated IEEPA duty deposits to Plaintiffs that challenge the duties in court. To date, it has been the Government's position that a court order directing the reliquidation of entries, whose liquidation has become final, is

necessary to provide the Government with the authority to reliquidate these finally liquidated entries[2] and thus to provide complete relief to Plaintiffs in the cases.

On October 8, 2026, this Court certified a class consisting of "[a]ll importers of record who paid duties imposed by the Challenged Tariff Orders between February 1, 2025, and February 19, 2026, excluding any entity that has separately filed an action seeking to recover IEEPA duties payments." *Freestyle World, Inc. v. U.S. Customs & Border Protection*, No. 26-01088, ECF No. 61. For the reasons stated in Plaintiff's motion, the certified class definition is modified as follows: "[a]ll importers of record who paid any duties imposed pursuant to IEEPA, excluding any entity with a separately filed action seeking to recover IEEPA duty payments."

This Court further noted: "[t]he relief sought by Plaintiff, on behalf of itself and the [] class, is an injunction directing liquidation or reliquidation of entries without regard to unlawfully imposed IEEPA duties." Pursuant to that class certification, all importers of record who paid IEEPA duties who have not separately filed suit are now parties to this action as Class Members. Accordingly, this order provides the Government with the legal authority to reliquidate finally liquidated entries, applied to the certified class as a whole.

---

[2] The term "finally liquidated entries" refers to entries that have been liquidated for more than 90 days and are thus beyond the period for reliquidation set out in 19 U.S.C. § 1501. To date, the CAPE system has not accepted for processing any finally liquidated entries, nor any entries that have been liquidated for more than 80 days. *See Atmus Filtration, Inc. v. United States*, No. 26-01259, ECF No. 51 ¶ 15(c). The 80-day time limit aimed to avoid an entry's liquidation from becoming final after it was submitted to CAPE but before the entry was processed. *Id.* ("CAPE Phase 1 will accept CAPE Declarations containing entries liquidated within the preceding 80 days to ensure that processing is complete and the entries are reliquidated by the 90th day to meet the agency's legal timeframe for voluntary reliquidation pursuant to 19 U.S.C. § 1501."). This order directs reliquidation of all entries that have been liquidated for more than 80 days, thus directing reliquidation of both finally liquidated entries and entries that may become final while being processed by CAPE. Therefore, for the Government, this order provides the authority to reliquidate all of Class Members' liquidated entries subject to IEEPA duties, including finally liquidated entries.

In accordance with this order, to successfully submit a CAPE declaration for finally liquidated entries, Class Members must first submit to U.S. Customs and Border Protection certain information, which may include their importer of record identification number(s), the name of the importer as reflected in Customs and Border Protection's ACE system and on Customs Form 5106,[3] and entry numbers. Instructions describing how to make this submission will be posted to the Court's website on the page dedicated to this case. That page is at: https://www.cit.uscourts.gov/ieepa-refund-class-action-litigation. The importer or the broker that filed the original entry may submit a CAPE declaration. The CAPE declarations may also include unliquidated or liquidated entries for which the importer has not received a refund. Importers and brokers may submit more than one CAPE declaration.

The purpose of this order is to provide Class Members who successfully submit a CAPE declaration with complete relief: a refund of the full amount of IEEPA duties paid plus statutory interest. Nevertheless, Class Members who do not receive complete relief may require further assistance from this Court for all refunds to be paid in full, with applicable interest. Thus, the Court is issuing an order rather than a judgment, so that Class Members needing the Court's assistance may, in accordance with the USCIT Rules, file a motion to seek further relief or otherwise move with regard to entries on which Class Members paid estimated deposits pursuant to IEEPA and that Customs and Border Protection has not yet refunded in full, with applicable interest. The Court further notes that 28 U.S.C. § 2636(i)'s statute of limitations is not jurisdictional. *See Ford Motor Co. v. United States*, 811 F.3d 1371, 1378 (Fed. Cir. 2016).

---

[3] Customs and Border Protection's Form 5106 is the form (or its electronic equivalent) that importers use to create or update their unique identification information within Customs' system. Information on the Form 5106 is available on the CBP website at https://www.cbp.gov/trade/programs-administration/entry-summary/cbp-form-5106.

Accordingly, pursuant to *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974), all Class Members' limitations period to bring suit under 28 U.S.C. § 1581(i) to challenge the IEEPA tariffs are tolled.

Accordingly, it is hereby:

**ORDERED** that U.S. Customs and Border Protection shall liquidate or reliquidate, without regard to IEEPA duties, any and all of Class Members' entries on which Class Members paid estimated deposits pursuant to IEEPA and that Customs and Border Protection has not yet refunded. For the purposes of this order, liquidation or reliquidation shall occur only following U.S. Customs and Border Protection's acceptance of Class Members' CAPE declarations;

**ORDERED** that the class definition is modified to encompass all importers of record who paid any duties imposed pursuant to IEEPA, excluding any entity with a separately filed action seeking to recover IEEPA duty payments;

**ORDERED** that all Class Members' limitations period under 28 U.S.C. § 2636(i) to bring suit to challenge the IEEPA tariffs are tolled; and

**IT IS FURTHER ORDERED** that, for the avoidance of doubt, nothing in this Order addresses issues concerning duty free *de minimis* treatment under 19 U.S.C. § 1321 that are otherwise before this Court. *See Axle of Dearborn, Inc. v. Dep't of Commerce et al.*, No. 25-00091. To ensure that all Class Members receive complete relief, the Court may also issues further orders, including addressing notice to Class Members and additional categories of claims.

_________________________
Judge

Dated: __________________
New York, New York