UNITED STATES COURT OF INTERNATIONAL TRADE

FREESTYLE WORLD, INC., on behalf of itself and all others similarly situated,

Plaintiff,

v.

U.S. CUSTOMS AND BORDER PROTECTION; RODNEY S. SCOTT, in his official capacity as Commissioner of U.S. Customs and Border Protection; and the UNITED STATES OF AMERICA,

Defendants.

Before: Richard K. Eaton, Judge

Court No. 26-01088

**ORDER**

At a closed conference held on November 12, 2026, the court and participants discussed the progress of U.S. Customs and Border Protection's ("Customs") Consolidated Administration and Processing of Entries ("CAPE") program. On November 10, 2026, the Government filed the Declaration of Brandon Lord, Executive Director, Trade Programs Directorate, Office of Trade, U.S. Customs and Border Protection, ECF No. 69 ("Lord Decl.").

Customs continues to provide access to CAPE Phase 3[1] to plaintiffs in individual cases for which the court has ordered reliquidation. As of November 5, 2026, approximately 4,500 CAPE declarations have been accepted for processing in Phase 3.

At the conference, discussion was had regarding Customs' continuing consideration of CAPE eligibility of entries that have been flagged for reconciliation and for which a reconciliation entry has been filed.

[1] CAPE Phase 3 "covers finally liquidated entries filed by plaintiffs for which the Court has ordered reliquidation, including those subject to protest." Lord Decl. ¶ 8.

Also as of November 5, approximately $138.3 billion in both potential and certified refunds has been accepted for processing in CAPE, and approximately $128.4 billion in refunds (duties plus interest) has been sent to the U.S. Department of the Treasury for disbursement. Lord Decl. ¶ 5.

Finally, the court notes, for the avoidance of doubt, that the commencement of this class action lawsuit, and the court's subsequent certification of a class under Rule 23(b)(2), had the effect of tolling the statute of limitations[2] with respect to each class member's claims. *See Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 551 (1974) ("[T]he commencement of the [class] action satisfied the purpose of the limitation provision as to all those who might subsequently participate in the suit as well as for the named plaintiffs."). Thus, "even as to asserted class members who were unaware of the proceedings brought in their interest or who demonstrably did not rely on the institution of these proceedings, the later running of the applicable statute of limitations does not bar participation in the class action and in its ultimate judgment." *Id.* at 552.

Upon consideration of the papers and proceedings had herein, it is hereby

**ORDERED** that Defendant shall file, by 5:00 p.m. Eastern on Tuesday, December 1, 2026, a short report on the progress of CAPE. A closed settlement conference will be held on Wednesday, December 2, 2026, at 2:00 p.m. Eastern, in person and via Webex.

/s/ Richard K. Eaton
Judge

Dated: November 13, 2026
New York, New York

[2] Cases brought under 28 U.S.C. § 1581(i) must be commenced "within two years after the cause of action first accrues." 28 U.S.C. § 2636(i).