**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

BEFORE: THE HONORABLE RICHARD K. EATON, CHIEF JUDGE

| | | |
|---|---|---|
| FREESTYLE WORLD, INC., on behalf of itself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. CUSTOMS AND BORDER PROTECTION; RODNEY S. SCOTT, in his official capacity as Commissioner of U.S. Customs and Border Protection; and the UNITED STATES OF 0MERICA,<br><br>Defendants. | ) | Court No. 26-01088 |

**ANSWER**

Pursuant to Rule 7 of the Rules of this Court, defendants, for their answer to the complaint filed by plaintiffs, admit and deny as follows:

1. Denies the allegations in paragraph 1 for lack of knowledge or information sufficient to form a belief as to their truth.

2. The allegations in paragraph 2 constitute legal argument, conclusions of law, and plaintiffs' characterization of their case, to which no response is required. To the extent a response is required, admits to extent supported by the referenced executive orders; otherwise denies.

3. The allegations in paragraph 3 constitute legal argument, conclusions of law, and plaintiffs' characterization of their case, to which no response is required. To extent a response is required, admits to the extent supported by the International Emergency Economic Powers Act

(IEEPA), 50 U.S.C. § 1701 *et seq.*, and *Learning Resources, Inc. v. Trump*, 607 U.S. 229 (2026), otherwise denies.

4. The allegations in paragraph 4 constitute legal argument, conclusions of law, and plaintiff's characterization of their case, to which no response is required. To the extent a response is required, admits to the extent supported by the individual statements and the decision of this Court cited, which are the best evidence of their contents; otherwise denies.

5. The allegations in the first sentence of paragraph 5 constitute legal argument, conclusions of law, and plaintiffs' characterization of their case, to which no response is required; to the extent a response is required, denies. Denies the allegations in the second and third sentences of paragraph 5 lack of knowledge or information sufficient to form a belief as to their truth.

6. Denies the allegations in paragraph 6 for lack of knowledge or information sufficient to form a belief as to their truth.

7. The allegations in paragraph 7 constitute legal argument, conclusions of law, and plaintiff's characterization of its case, to which no response is required.

8. The allegations in paragraph 8 constitute legal argument, conclusions of law, and plaintiff's characterization of its case, to which no response is required. To the extent a response is required, denies.

9. The allegations in paragraph 9 constitute legal argument, conclusions of law, and plaintiff's characterization of its case, to which no response is required; to the extent a response is required, denies

10. Denies the allegation for lack of knowledge or information sufficient to form a belief as to its truth.

11. Admits the allegations in the first sentence of paragraph 11. The remaining allegations in paragraph 11 constitute conclusions of law which do not require a response.

12. Admits the allegations in paragraph 12 insofar as Rodney S. Scott is the Commissioner of U.S. Customs and Border Patrol (CPB). The remaining allegations in paragraph 12 constitute legal argument and conclusions of law to which no response is required.

13. Paragraph 13 constitutes legal argument and conclusions of law to which no response is required; to the extent a response is required, admits to the extent supported by the cited statutes, otherwise denies.

14. The allegations in paragraph 14 constitute plaintiff's characterization of its case, to which no response is required.

15. The allegations in paragraph 15 constitute conclusions of law to which no response is required.

16. The allegations in paragraph 16 constitute conclusions of law to which no response is required. To the extent a response is required, admits to the extent supported by the cited statutes, otherwise denies.

17. The allegations in paragraph 17 constitute conclusions of law to which no response is required.

18. Admits the allegations in the first two sentences of paragraph 18 to the extent supported by the executive orders cited, which are the best evidence of their contents; otherwise denies. The allegations in the third sentence of paragraph 18 constitute plaintiff's characterization of its case, to which no response is required.

19. Admits the allegations in paragraph 19 to the extent supported by the executive order cited, which is the best evidence of its contents; otherwise denies.

20. Admits the allegations in paragraph 20 to the extent supported by the executive order cited, which is the best evidence of its contents; otherwise denies.

21. Admits the allegations in paragraph 21 to the extent supported by the executive order cited, which is the best evidence of its contents; otherwise denies.

22. Admits the allegations in paragraph 22 to the extent supported by the executive order cited, which is the best evidence of its contents; otherwise denies.

23. Admits the allegations in paragraph 23 to the extent supported by the executive order cited, which is the best evidence of its contents; otherwise denies.

24. Admits the allegations in paragraph 24 to the extent supported by the executive order cited, which is the best evidence of its contents; otherwise denies.

25. Admits the allegations in paragraph 25 to the extent supported by the executive order cited, which is the best evidence of its contents; otherwise denies.

26. Admits the allegations in paragraph 26 to the extent supported by the executive order cited, which is the best evidence of its contents; otherwise denies.

27. Admits the allegations in paragraph 27 to the extent supported by the executive order cited, which is the best evidence of its contents; otherwise denies.

28. Admits the allegations in the first sentence of paragraph 28 to the extent supported by the executive order cited, which is the best evidence of its contents; otherwise denies. The allegations in the second sentence of paragraph 28 constitute legal argument and conclusions of law to which no response is required; to the extent a response is required, denies.

29. Paragraph 29 constitutes legal argument and conclusions of law to which no response is required; to the extent a response is required, denies.

30. Admits the allegations in the first sentence of paragraph 30 to the extent supported by the pleading cited, which is the best evidence of its contents; otherwise denies. The allegations in the second sentence of paragraph 30 constitute legal argument and conclusions of law to which no response is required; to the extent a response is required, admits to the extent supported by the referenced court decisions, otherwise denies.

31. The allegations in paragraph 31 constitute legal argument, conclusions of law, and plaintiff's characterization of its case to which no response is required; to the extent a response is required, admits to the extent supported by the referenced executive orders and the complaint, otherwise denies.

32. The allegations in paragraph 32 constitute legal argument and conclusions of law to which no response is required; to the extent a response is required, admits to the extent supported by the cited statutes, otherwise denies.

33. The allegations in paragraph 33 constitute legal argument and conclusions of law to which no response is required; to the extent a response is required, admits to the extent supported by the referenced act and statute, otherwise denies.

34. The allegations in paragraph 34 constitute legal argument and conclusions of law to which no response is required; to the extent a response is required, admits to the extent supported the referenced regulation and statute, otherwise denies.

35. The allegations in paragraph 35 constitute legal argument and conclusions of law to which no response is required; to the extent a response is required, admits to the extent supported by the referenced statute and court decisions, otherwise denies.

36. The allegations in paragraph 36 constitute legal argument and conclusions of law to which no response is required; to the extent a response is required, admits to the extent supported by the referenced statutes, otherwise denies.

37. The allegations in paragraph 37 constitute legal argument and conclusions of law to which no response is required; to the extent a response is required, admits to the extent supported by the referenced regulation, otherwise denies.

38. The allegations in paragraph 38 constitute legal argument and conclusions of law to which no response is required; to the extent a response is required, admits to the extent supported by the referenced statute, otherwise denies.

39. The allegations in paragraph 39 constitute legal argument and conclusions of law to which no response is required; to the extent a response is required, admits to the extent supported by the referenced statute, otherwise denies.

40. The allegations in paragraph 40 constitute legal argument and conclusions of law to which no response is required; to the extent a response is required, admits to the extent supported by the referenced statute, otherwise denies.

41. The allegations in paragraph 41 constitute legal argument and conclusions of law to which no response is required; to the extent a response is required, denies.

42. The allegations in paragraph 42 constitute legal argument and conclusions of law to which no response is required; to the extent a response is required, admits to the extent supported by the referenced statute and regulation, otherwise denies.

43. The allegations in paragraph 43 constitute legal argument and conclusions of law to which no response is required; to the extent a response is required, admits to the extent supported by the referenced court decision, otherwise denies.

44. The allegations in paragraph 44 constitute legal argument and conclusions of law to which no response is required; to the extent a response is required, admits to the extent supported by the referenced statute and court decision, otherwise denies.

45. The allegations in paragraph 45 constitute legal argument and conclusions of law to which no response is required; to the extent a response is required, admits to the extent supported by the referenced court decision, otherwise denies.

46. The allegations in paragraph 46 constitute legal argument and conclusions of law to which no response is required; to the extent a response is required, admits to the extent supported by the referenced court decision, otherwise denies.

47. Admits the allegations in paragraph 47 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies.

48. Admits the allegations in paragraph 47 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies.

49. The allegations in paragraph 49 constitute legal argument, conclusions of law, and plaintiff's characterization of its case to which no response is required; to the extent a response is required, denies for lack of knowledge or information sufficient to form a belief as to their truth.

50. The allegations in paragraph 49 constitute legal argument, conclusions of law, and plaintiff's characterization of its case to which no response is required; to the extent a response is required, denies for lack of knowledge or information sufficient to form a belief as to their truth.

51. Denies for lack of knowledge or information sufficient to form a belief as to their truth.

52. The allegations in paragraph 52 constitute legal argument, conclusions of law, and plaintiff's characterization of its case to which no response is required; to the extent a response is required, denies for lack of knowledge or information sufficient to form a belief as to their truth.

53. The allegations in paragraph 53 constitute legal argument, conclusions of law, and plaintiff's characterization of its case to which no response is required; to the extent a response is required, denies for lack of knowledge or information sufficient to form a belief as to their truth.

54. The allegations in paragraph 54 constitute legal argument and conclusions of law to which no response is required; to the extent a response is required, admits to the extent supported by the referenced court decision, otherwise denies.

55. The allegations in paragraph 55 constitute legal argument and conclusions of law to which no response is required; to the extent a response is required, admits to the extent supported by the referenced court decision, otherwise denies.

56. The allegations in paragraph 56 constitute legal argument and conclusions of law to which no response is required; to the extent a response is required, admits to the extent supported by the referenced court decision, otherwise denies.

57. The allegations in paragraph 57 constitute legal argument and conclusions of law to which no response is required; to the extent a response is required, admits to the extent supported by the referenced court decision, otherwise denies.

58. The allegations in paragraph 58 constitute legal argument and conclusions of law to which no response is required; to the extent a response is required, admits to the extent supported by the referenced court decision, otherwise denies.

59. The allegations in paragraph 59 constitute legal argument and conclusions of law to which no response is required; to the extent a response is required, admits to the extent supported by the referenced court decision, otherwise denies.

60. The allegations in paragraph 60 constitute legal argument, conclusions of law, and plaintiff's characterization of its case to which no response is required; to the extent a response is required, denies.

61. The allegations in paragraph 60 constitute legal argument, conclusions of law, and plaintiff's characterization of its case to which no response is required; to the extent a response is required, denies.

62. The allegations in paragraph 62 constitute legal argument, conclusions of law, and plaintiff's characterization of its case to which no response is required; to the extent a response is required, denies.

63. The allegations in paragraph 63 constitute legal argument, conclusions of law, and plaintiff's characterization of its case to which no response is required.

64. The allegations in paragraph 64 constitute legal argument, conclusions of law, and plaintiff's characterization of its case to which no response is required.

65. The allegations in paragraph 65 constitute legal argument, conclusions of law, and plaintiff's characterization of its case to which no response is required; to the extent a response is required, denies.

66. Admits the allegations in paragraph 66 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies.

67. The allegations in paragraph 67 constitute legal argument, conclusions of law, and plaintiff's characterization of its case to which no response is required; to the extent a response is required, denies for lack of knowledge or information sufficient to form a belief as to their truth.

68. The allegations in paragraph 68 constitute legal argument, conclusions of law, and plaintiff's characterization of its case to which no response is required; to the extent a response is required, denies.

69. The allegations in paragraph 69 constitute legal argument, conclusions of law, and plaintiff's characterization of its case to which no response is required; to the extent a response is required, denies.

70. The allegations in paragraph 70 constitute legal argument, conclusions of law, and plaintiff's characterization of its case to which no response is required; to the extent a response is required, denies.

71. The allegations in paragraph 71 constitute legal argument, conclusions of law, and plaintiff's characterization of its case to which no response is required; to the extent a response is required, denies.

72. The allegations in paragraph 72 constitute legal argument, conclusions of law, and plaintiff's characterization of its case to which no response is required; to the extent a response is required, denies.

73. The allegations in paragraph 73 constitute legal argument, conclusions of law, and plaintiff's characterization of its case to which no response is required; to the extent a response is required, denies for lack of knowledge or information sufficient to form a belief as to their truth.

74. The allegations in paragraph 74 constitute legal argument, conclusions of law, and plaintiff's characterization of its case to which no response is required; to the extent a response is required, denies.

75. The allegations in paragraph 75 constitute legal argument, conclusions of law, and plaintiff's characterization of its case to which no response is required; to the extent a response is required, denies.

76. The allegations in paragraph 76 constitute legal argument, conclusions of law, and plaintiff's characterization of its case to which no response is required; to the extent a response is required.

77. The allegations in paragraph 77 constitute legal argument, conclusions of law, and plaintiff's characterization of its case to which no response is required; to the extent a response is required, denies.

78. The allegations in paragraph 78 constitute legal argument, conclusions of law, and plaintiff's characterization of its case to which no response is required; to the extent a response is required, denies.

79. The allegations in paragraph 79 constitute legal argument, conclusions of law, and plaintiff's characterization of its case to which no response is required; to the extent a response is required, denies.

80. The allegations in paragraph 80 constitute legal argument, conclusions of law, and plaintiff's characterization of its case to which no response is required; to the extent a response is required, denies.

81. The allegations in paragraph 81 constitute legal argument, conclusions of law, and plaintiff's characterization of its case to which no response is required; to the extent a response is required, denies.

82. Defendants' responses to paragraphs 1 through 81 of the complaint are incorporated by reference.

83. The allegations in paragraph 83 constitute legal argument and conclusions of law to which no response is required. To extent a response is required, admits to the extent supported by *Learning Resources*, 607 U.S. 229, otherwise denies.

84. The allegations in the first and second sentences of paragraph 84 constitute legal argument and conclusions of law to which no response is required. To the extent a response is required, admits to the extent supported by the executive orders cited, which are the best evidence of its contents; otherwise denies. The allegations in the third sentence of paragraph 84 constitute legal argument and conclusions of law to which no response is required. To extent a response is required, admits to the extent supported by *Learning Resources*, 607 U.S. 229, otherwise denies.

85. The allegations in paragraph 85 constitute legal argument, conclusions of law, and plaintiffs' characterization of their case, to which no response is required; to the extent a response is required, denies.

86. Defendants' responses to paragraphs 1 through 81 of the complaint are incorporated by reference.

87. The allegations in paragraph 87 constitute legal argument, conclusions of law, and plaintiffs' characterization of their case, to which no response is required; to the extent a response is required, denies.

88. The allegations in paragraph 88 constitute legal argument and conclusions of law to which no response is required. To the extent a response is required, admits to the extent supported by the referenced provision of the U.S. Constitution, otherwise denies.

89. The allegations in paragraph 89 constitute legal argument and conclusions of law to which no response is required. To the extent a response is required, admits to the extent supported by the referenced court decisions, otherwise denies.

90. The allegations in paragraph 90 constitute legal argument, conclusions of law, and plaintiffs' characterization of their case, to which no response is required; to the extent a response is required, denies.

91. Defendants' responses to paragraphs 1 through 81 of the complaint are incorporated by reference.

92. The allegations in paragraph 92 constitute legal argument and conclusions of law to which no response is required. To the extent a response is required, admits to the extent supported by the referenced statute, otherwise denies.

93. The allegations in paragraph 93 constitute legal argument and conclusions of law to which no response is required. To the extent a response is required, admits to the extent supported by the referenced court decision, otherwise denies.

94. The allegations in paragraph 94 constitute legal argument and conclusions of law to which no response is required; to the extent a response is required, denies.

95. The allegations in paragraph 95 constitute legal argument, conclusions of law, and plaintiffs' characterization of their case, to which no response is required; to the extent a response is required, denies.

96. The allegations in paragraph 96 constitute conclusions of law to which no response is required; to the extent a response is required, denies.

97. The allegations in paragraph 97 constitute legal argument, conclusions of law, and plaintiffs' characterization of their case, to which no response is required; to the extent a response is required, denies.

98. The allegations in paragraph 98 constitute legal argument, conclusions of law, and plaintiffs' characterization of their case, to which no response is required; to the extent a response is required, denies.

99. Defendants' responses to paragraphs 1 through 81 of the complaint are incorporated by reference.

100. The allegations in paragraph 100 constitute legal argument and conclusions of law to which no response is required. To the extent a response is required, admits to the extent supported by the referenced statute and court decision, otherwise denies.

101. The allegations in paragraph 101 constitute legal argument and conclusions of law to which no response is required. To the extent a response is required, admits to the extent supported by the referenced statute, otherwise denies.

102. The allegations in paragraph 102 constitute legal argument and conclusions of law to which no response is required. To the extent a response is required, admits to the extent supported by the referenced statute, otherwise denies.

103. The allegations in paragraph 103 constitute legal argument and conclusions of law to which no response is required. To the extent a response is required, admits to the extent supported by the referenced statute, otherwise denies.

104. The allegations in paragraph 104 constitute legal argument, conclusions of law, and plaintiffs' characterization of their case, to which no response is required; to the extent a response is required, denies.

105. The allegations in paragraph 105 constitute legal argument, conclusions of law, and plaintiffs' characterization of their case, to which no response is required; to the extent a response is required, denies.

106. Defendants' responses to paragraphs 1 through 81 of the complaint are incorporated by reference.

107. The allegations in paragraph 107 constitute legal argument and conclusions of law to which no response is required. To the extent a response is required, admits to the extent supported by the referenced statute, otherwise denies.

108. The allegations in paragraph 108 constitute legal argument, conclusions of law, and plaintiffs' characterization of their case, to which no response is required; to the extent a response is required, denies.

109. The allegations in paragraph 109 constitute legal argument, conclusions of law, and plaintiffs' characterization of their case, to which no response is required; to the extent a response is required, denies.

110. The allegations in paragraph 110 constitute legal argument and conclusions of law to which no response is required. To the extent a response is required, admits to the extent supported by the Court's relief statute, otherwise denies.

111. Denies that plaintiffs are entitled to the relief set forth in the prayer for relief in paragraph 111, or to any relief whatsoever.

112. Denies each and every allegation not previously admitted or otherwise qualified.

Respectfully submitted,

JONATHAN D. GUYNN
Acting Assistant Attorney General

PATRICIA M. MCCARTHY
Director

JUSTIN R. MILLER
Attorney-In-Charge

/s/ Samuel J. Harrison
SAMUEL J. HARRISON
Trial Attorney
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
PO Box 480, Ben Franklin Station
Washington, DC 20044
(202) 598-3874
Samuel.J.Harrison@usdoj.gov

Dated: November 13, 2026

*Attorneys for Defendants*